Scott M. Grace S.B.N. 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax:  619-923-3661

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL SCHUSTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>ASSET RECOVERY ASSOCIATES, INC. and DOES 1-10,<br><br>          Defendant(s), | Case No.: 5:16-CV-02539<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, CHERYL SCHUSTER, (hereinafter PLAINTIFF) against ASSET RECOVERY ASSOCIATES, INC. (hereinafter DEFENDANT), and Does 1-10, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. (hereinafter "Rosenthal

Act"), and the California Fair Debt Buying Practices Act, Cal. Civ. Code §1788.50, *et seq*. (hereinafter "FDBPA"), all of which prohibit debt collectors and debt buyers from engaging in abusive, deceptive and unfair practices.

2.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

4.   This action arises out of Defendant's repeated violations of the FDCPA under 15 U.S.C. §1692, *et seq*., repeated violations of the California Rosenthal Act under Cal. Civ. Code §1788, *et seq*., and violations of the California Fair Debt Buying Act under Cal. Civ. Code §1788.50, *et seq*.

5.   Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6.   As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendant for purposes of this action.

7.   Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**THE PARTIES**

8.   Plaintiff is a natural person residing in Colton, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a credit card debt, allegedly owed to ASSET RECOVERY ASSOCIATES, INC. (hereinafter "Debt"), and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act and the California Fair Debt Buying Act.

9. At all times relevant herein, ASSET RECOVERY ASSOCIATES, INC. was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA.

10. ASSET RECOVERY ASSOCIATES regularly attempts to collect debts alleged to be due another and is therefore a "debt collector" within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

11. At all times relevant herein, ASSET RECOVERY ASSOCIATES was a company that regularly engaged in the business of purchasing charged-off consumer debt for collection purposes, as defined by Cal. Civ. Code §1788.50 and is therefore a "debt buyer" within the meaning of Cal. Civ. Code §1788.50(1).

12. The alleged Debt in this matter was a consumer debt that has been removed from a creditor's books as an asset and treated as a loss or expense, and therefore is a "Charged-Off Consumer Debt" under Cal. Civ. Code §1788.50(2).

13. The alleged "Charged-Off Consumer Debt" (Debt) was purchased by ASSET RECOVERY ASSOCIATES after January 1, 2014, and is therefore subject to the statutory provisions of Cal. Civ. Code §1788.50, *et seq*.

**FACTUAL ALLEGATIONS**

14. At some time during or around 1990, Plaintiff allegedly opened a revolving credit account with Bank of America, with an account number of xxxx-xxxx-xxxx-1479.

15. At some time prior to November 17, 2008, Plaintiff allegedly became delinquent in the payment on the alleged debt owed to Bank of America in account #1479 in an amount of $9,793.53.

16. The alleged account was charged-off by the original creditor, Bank of America, and was thereafter assigned, placed, or otherwise transferred to America's Recovery Solutions, LTD on or before November 17, 2008.

17. On or about November 17, 2008, Plaintiff entered into a settlement agreement with America's Recovery Solutions, LTD (EXHIBIT 1), in which Plaintiff agreed to pay a reduced

settlement amount of $2,200.00 in satisfaction of the alleged amount due on the Bank of America account ending in #1479, with payment to be rendered on or before November 19, 2008.

18. Plaintiff made the payment of $2,200.00 on the account ending in #1479 to America's Recovery Solutions, LTD on November 17, 2008, thus settling the Bank of America account #1479.

19. On or about August 15, 2016, despite the alleged account having previously been resolved, and despite the account being time-barred under the California Statute of Limitations under CA Code Civ. Procedure §337, Defendant ASSET RECOVERY ASSOCIATES purchased the alleged debt from America's Recovery Solutions and began engaging in attempts to collect the alleged debt.

20. On or about August 15, 2016, ASSET RECOVERY ASSOCIATES sent a collection letter to Plaintiff (EXHIBIT 2) attempting to collect the previously resolved, and time-barred, alleged debt in an amount of $3,987.52.

21. The August 15, 2016 collection letter sent to Plaintiff by ASSET RECOVERY ASSOCIATES (EXHIBIT 2) incorrectly listed the previously settled Bank of America account number as ending in #1480 (instead of #1479), and was a "communication" to Plaintiff as that term is defined by 15 U.S.C. 1692a(2), and an "initial communication" pursuant to 15 U.S.C. 1692g(a).

22. The August 15, 2016 collection letter sent to Plaintiff by ASSET RECOVERY ASSOCIATES (EXHIBIT 2) was a "debt collection" as Cal. Civ. Code §1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code §1812.700(b).

23. The August 15, 2016 collection letter (EXHIBIT 2) failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant, pursuant to Cal. Civ. Code §1812.700, and in the manner prescribed by Cal. Civ. Code §1812.700(b) and Cal Civ. Code §1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code §1812.700(a). Consequently, pursuant to Cal Civ. Code §1812.702, this omission by Defendant violated the California Rosenthal Fair Debt Collection Practices Act (RFDCPA).

24. The August 15, 2016 collection letter (EXHIBIT 2) failed to advise Plaintiff of the date of default or the date of the last payment on the account; the names of all persons or entities that have purchased the debt; and further failed to advise that the alleged account had previously been resolved and was also time-barred under Cal. Civ. Code §337, in violation of Cal. Civ. Code §1788.52(d)(1),

and Cal. Civ. Code §1788.52(d)(2), and causing Plaintiff confusion as to the nature of the alleged account, stress, and anxiety.

25. On or about August 18, 2016, Plaintiff contacted the law firm of Luftman, Heck & Associates, LLP to investigate the collection letter (EXHIBIT 2), and to attempt to determine if the letter was in reference to the previously resolved Bank of America account ending in #1479.

26. On or about October 3, 2016, a representative from Defendant ASSET RECOVERY ASSOCIATES confirmed that the collection letter dated August 15, 2016, which referenced the Bank of America account ending in #1480, was actually the same account as the Bank of America account ending in #1479, which had previously been settled and paid on November 17, 2008.

27. On or about October 3, 2016, Defendant ASSET RECOVERY ASSOCIATES mailed a letter to Plaintiff at her home address located in Colton, CA (EXHIBIT 3), which states that the Bank of America account ending in #1479 "has been closed and all associated information has been erased."

28. At all times herein, ASSET RECOVERY ASSOCIATES was attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a(5) of the FDCPA and a consumer debt as defined by Cal. Civ. Code §1788.2(f) of the Rosenthal Act.

29. The alleged Debt in this matter was a consumer debt that has been removed from a creditor's books as an asset and treated as a loss or expense, and therefore is a "Charged-Off Consumer Debt" under Cal. Civ. Code §1788.50(2).

30. Plaintiff suffered harm as a result of the conduct and omissions of Defendant ASSET RECOVERY ASSOCIATES, because Defendant's conduct and omissions mislead Plaintiff, causing confusion, stress, anxiety, and causing Plaintiff to have to undertake to hire the law firm of Luftman, Heck & Associates, LLP to investigate the improper collection letter from Defendant ASSET RECOVERY ASSOCIATES.

### **FIRST CLAIM FOR RELEIF**
### **(Violations of the FDCPA)**

31. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

32. ASSET RECOVERY ASSOCIATES violated the FDCPA. The violations include, but are not limited to, the following:

(1) Using false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. §1692e and e(10) of the FDCPA;

(2) Communicating a false impression of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2) of the FDCPA;

(3) Communicating information which is known or which should be known to be false in violation of 15 U.S.C. §1692e(8) of the FDCPA;

(4) Using unfair or unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f of the FDCPA;

(5) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692d;

(6) Communicating with the consumer after it knows the consumer to be represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

33. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF

**(Claim for violations of the Rosenthal Act)**

34. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

35. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to Cal. Civ. Code §1788.17. Defendant's violations of Cal. Civ. Code §1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 32 above.

36. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

37. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## THIRD CLAIM FOR RELEIF

### (Claim for violations of the California Fair Debt Buying Act)

38. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

39. Defendant's acts and omissions violated the California Fair Debt Buying Act including, but not limited to Cal. Civ. Code §1788.52. Defendant's violations of Cal. Civ. Code §1788.52 include, but are not limited to the following:

(1) Failing to include with its first written communication with the debtor in no smaller than 12-point type, a separate prominent notice that provides:

"You may request records showing the following: (1) that [Asset Recovery Associates] has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: [insert debt buyer's active mailing address and email address, if applicable]" in violation of Cal. Civ. Code §1788.52(d)(1);

(2) Failing to include with its first written communication with the debtor in no smaller than 12-point type, a separate prominent notice that provides:

"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [Asset Recovery Associates] may

   [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting" in violation of Cal. Civ. Code §1788.52(d)(1); and

 (3) The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency" in violation of Cal. Civ. Code §1788.52(d)(2).

40. As a proximate result of the violations of the California Fair Debt Buyer Practices Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendant;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendant;

3. An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendant;

4. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendant;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA against Defendant and Cal. Civ. Code §1788.30(c) of the Rosenthal Act, against Defendant;

6. An award of actual damages pursuant to Cal. Civ. Code §1788.62(a)(1) against Defendant;

7. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.62(a)(2) against Defendant;

8. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.62(c)(1) against Defendant;

9. Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

December 8, 2016                                        Luftman, Heck and Associates
                                                        By s/ Scott M. Grace
                                                        Attorney for Plaintiff
                                                        Email: sgrace@lawlh.com